UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


YOUSEF ATIFAH,

              Plaintiff,              Case No. 08-10042

vs.                                        DISTRICT JUDGE MARIANNE O BATTANI
                                          MAGISTRATE JUDGE STEVEN D. PEPE

UNION SECURITY INSURANCE COMPANY,
Formerly known as FORTIS BENEFITS
INSURANCE COMPANY,

              Defendant.
=============================/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION (DKT. #18)**

      This is an action for breach of a contract to pay accidental death benefits. Plaintiff Yousef Atifah is the son of decedent Husn Henaibar and is the designated beneficiary under the insurance contract. The Complaint asserts that Plaintiff is a resident of the City of Dearborn, Wayne County, Michigan. On May 16, 2008, Defendant filed its Motion to Compel Plaintiff's deposition (Dkt. #18). Defendant's motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #19). On July 3, 2008, a hearing was held on Defendant's motion at which all unresolved issues were addressed. For the reasons stated on the record and indicated below, it is **ORDERED** that Defendant's motion is **GRANTED.**

      On March 26, 2008, Defendant's counsel addressed an e-mail to Plaintiff's counsel Ernest Essad, asking for dates during the following two months when Plaintiff would be available for

1

deposition. Mr. Essad responded that his client was in Yemen and that any deposition of him would need to be taken in that country. Defendant's counsel wrote subsequently to Mr. Essad, stressing that the deposition of Plaintiff must be conducted within the jurisdiction of this Court and asking again for dates that Mr. Atifah would be available here. Mr. Essad has since stated that he is waiting for word from his client about when he will be available for deposition, but to date Defendant's counsel has received no firm word on when Plaintiff will make himself available for deposition.

On May 15, 2008, Defendant's counsel telephoned Mr. Essad pursuant to Local Rule 37.1 to establish a date or dates for the deposition of his client, but Mr. Essad did not give any specific dates when his client will make himself available for deposition within this jurisdiction. Defendant's counsel subsequently filed this Motion to Compel Plaintiff's deposition within the Eastern District of Michigan.

Plaintiff's Response to the present Motion to Compel argues that Plaintiff has not been able to cooperate in scheduling his deposition or to return to the U.S. for deposition due to civil unrest in Yemen, stormy weather, unspecified "personal family problems," and difficulty communicating effectively with Plaintiff's counsel. These claims, however, are vague and conclusory allegations, which taken either individually or collectively, do not justify ordering that Plaintiff's deposition be taken in Yemen, whether in person or telephonically. Case law is clear that Plaintiff must make himself available for deposition in the place where he has brought the action absent a showing of unreasonable hardship. *See Societe Civil Succession Richard Guiono v. Beseder Corp.*, 2007 WL 3238703 (D. Ariz. 2007), *citing Slade v. Transatlantic Financing Corp.*, 21 FRD 146, 146-47 (S.D. N.Y. 1957) ("The rule is well settled that a

2

non-resident plaintiff who chooses the forum makes himself available to examination here in the absence of unreasonable hardship or the presence of special circumstances.").

When Plaintiff brings an action in a particular forum, he has chosen that forum and cannot later argue that it would be too burdensome to appear for discovery there. *Prozina Shipping Co. v. Thirty-four Automobiles*, 179 FRD 41, 47-48 (D. Mass. 1998). Because Plaintiff has failed provide any evidence that would justify not holding Plaintiff's deposition within this Court's jurisdiction, **IT IS ORDERED** that on or before September 1, 2008, Plaintiff appear for his deposition at a location within the Eastern District of Michigan. The Court will only reconsider its Order if Plaintiff can provide within this time period sufficient evidence of unreasonable hardship that would warrant making alternative arrangements for his deposition.

Pursuant to Fed. R. Civ. P. 37(b), failure to comply with this Court's Order may result in sanctions, including the undersigned preparing a report recommending that this action be dismissed in entirety.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: July 8, 2008　　　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 8, 2008.

                                                      s/ Alissa Greer
                                                     Case Manager to Magistrate
                                                     Judge Steven D. Pepe
                                                     (734) 741-2298